IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WEBXCHANGE INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 08-132-JJF |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| DELL INC., ) | |
| ) | |
| Defendant. ) | |

### DELL INC.'S ANSWER, DEFENSES AND COUNTERCLAIMS TO WEBXCHANGE INC'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant Dell Inc. ("Dell") files this Answer and Counterclaims to the Complaint filed by Plaintiff WebXchange, Inc. ("WebXchange" or "Plaintiff").

### I. ANSWER

#### Jurisdiction and Venue

1. Dell admits that this is an action for patent infringement arising under Title 35 United States Code §§ 1, *et seq.* and that t this Court has subject matter jurisdiction in this case.

2. Dell admits that this Court has personal jurisdiction over Dell. Dell lacks information concerning which business activities are referred to in paragraph 2, and therefore denies all other allegations in paragraph 2.

3. Dell admits that venue is proper in this Court. Dell denies all other allegations contain in paragraph 3 of Plaintiffs' Complaint.

#### The Parties

4. Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 4 of Plaintiffs' Original Complaint.

5. Dell does not have sufficient information or knowledge to either admit or deny the allegations contained in paragraph 5 of Plaintiffs' Original Complaint.

6. Defendant admits the allegations contained in paragraph 6 of Plaintiffs' Original Complaint.

## General Allegations

7. Dell admits that, according to the face of the patent, United States Patent No. 5,778,178 (the "'178 patent) is entitled "Method and apparatus for enabling real-time bi-directional transactions on a network" and was issued on July 7, 1998. Dell admits that what appears to be a copy of the '178 Patent is attached to Plaintiff's complaint as Exhibit A. Dell does not have sufficient information or knowledge to either admit or deny the remaining allegations contained in paragraph 9 of Plaintiffs' Original Complaint.

8. Dell admits that, according to the face of the patent, United States Patent No. 6,212,556 (the "'556 patent) is entitled "Configurable value-added network (VAN) switching" and was issued on April 3, 2001. Dell admits that what appears to be a copy of the '556 Patent is attached to Plaintiff's complaint as Exhibit B. Dell does not have sufficient information or knowledge to either admit or deny the remaining allegations contained in paragraph 8 of Plaintiffs' Original Complaint.

9. Dell admits that, according to the face of the patent, United States Patent No. 7,340,506 (the "'506 patent) is entitled "Value-Added Network Switching and Object Routing" and was issued on March 4, 2008. Dell admits that what appears to be a copy of the '506 Patent is attached to Plaintiff's complaint as Exhibit C. Dell does not have sufficient information or knowledge to either admit or deny the remaining allegations contained in paragraph 9 of Plaintiffs' Original Complaint.

10. Concerning the technology of the '178, 556, and '506 patents, (collectively 'the Patents-in-Suit'), Dell incorporates by reference its responses to paragraphs 7-9 above. Dell does not have sufficient information or knowledge to either admit or deny the remaining allegations contained in paragraph 10 of Plaintiffs' Original Complaint.

11. Dell admits that it operates a system known as the "Integrated Dell Desktop." Due to the vague and ambiguous allegation that Dell has "implemented integrated software systems that use and/or facilitate real-time two-way distributed transactions to optimize its sales, customer service and technical support services," Dell does not have sufficient information or knowledge to either admit or deny the remaining allegations contained in paragraph 11 of Plaintiffs' Original Complaint and therefore denies all remaining allegations in paragraph 11.

**Count I – Allegations of Infringement of U.S. Patent No. 5,778,178**

12. Dell incorporates by reference its responses to paragraphs 1-11 above.

13. Denied.

14. Denied.

**Count II – Allegations of Infringement of U.S. Patent No. 6,212,556**

15. Dell incorporates by reference its responses to paragraphs 1-14 above.

16. Denied

17. Denied

**Count III – Allegations of Infringement of U.S. Patent No. 7,340,506**

18. Dell incorporates by reference its responses to paragraphs 1-17 above.

19. Denied.

21. Denied.

### Prayer for Relief

To the extent a response is necessary, Dell <u>denies</u> that that it has infringed and/or induced or contributed to the infringement of the patents-in-suit, and Dell further <u>denies</u> that Plaintiffs are entitled to any of the relief they request in paragraphs a-g of their Prayer for Relief.

### Demand for Jury Trial

Dell admits that Plaintiff has demanded a jury trial.

## II. DEFENSES

1. The claims of the '178, 556, and '506 patents are invalid for failure to meet the requirements of the U.S. patent laws, 35 U.S.C. § 100 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

2. Dell has not infringed, contributed to the infringement of or induced the infringement of any valid and enforceable claim of either the '178, 556, and '506 patents.

3. Plaintiffs' claims against Dell are barred in whole or in part by the doctrine of laches.

4. Plaintiffs' claims for damages, if any, against Dell are statutorily limited by 35 U.S.C. § 286 and/or § 287.

5. Dell hereby reserves its right to supplement with additional defenses as discovery proceeds in this matter.

## III. COUNTERCLAIMS

### Parties

6. Counterclaimant Dell is a corporation organized under the laws of the State of Delaware, with its principal place of business at One Dell Way, Round Rock, Texas 78682.

4

7. On information and belief, counterclaim Defendant WebXchange claims to be a corporation existing under the laws of Delaware with a place of business located at 222 Stanford Avenue, Menlo Park, California 94025.

### Jurisdiction and Venue

8. The counterclaims include claims for declaratory judgment of patent non-infringement and patent invalidity, and jurisdiction is proper under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and the patent Laws of the United States, 35 U.S.C. § 100 et seq., concerning actions related to patents, and 28 U.S.C. §§ 1331 and 1338.

9. Venue is proper in this Court under 28 U.S.C. § 1391 (c) and § 1400(b).

### Count One – Declaratory Relief Regarding Non-Infringement

10. Based on the filing by Plaintiffs of this suit and Dell's defenses, an actual controversy has arisen and now exists between the parties as to whether or not Dell has directly and/or indirectly infringed any valid claim of the '178, 556, and '506 patents.

11. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Dell requests a declaration from the Court that Dell has not infringed any valid claim of either the '178, 556, and '506, either directly, contributorily, or by inducement, or either literally or under the doctrine of equivalents.

### Count Two – Declaratory Relief Regarding Invalidity

12. Based on the filing of this suit by Plaintiffs and Dell's defenses, an actual controversy has arisen and now exists between the parties as to the validity of each of the claims of the '178, 556, and '506 patents.

13. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Dell requests a declaration from the Court that each of the claims of the '178, 556, and '506

patents are invalid for failure to comply with the provisions of the patent laws, 35 U.S.C. §100 *et seq.*, including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

## IV.   EXCEPTIONAL CASE

14.   To the extent this is an exceptional case under 35 U.S.C. § 285, Dell is entitled to recover from Plaintiff Dell's attorneys' fees and costs incurred in connection with this action.

## V.   RESERVATION OF RIGHTS

15.   Dell hereby reserves its right to supplement with additional defenses as discovery proceeds in this matter.

## VI.   PRAYER

Dell prays *that*:

(a)   Plaintiffs' Complaint against Dell be dismissed, with prejudice, and that a take-nothing judgment be entered against Plaintiffs and in favor of Dell;

(b)   Judgment be entered in favor of Dell declaring that each of the claims of the '178, 556, and '506 patents is invalid and that Dell has not directly or indirectly infringed any claim of such patents either literally or under the doctrine of equivalents;

(d)   Judgment be entered in favor of Dell and against Plaintiffs that this is an exceptional case and awarding Dell its attorneys' fees and costs under 35 U.S.C. § 285; and

(e)   Dell be awarded any such other and further relief as is just and proper.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Roderick B. Williams
Christopher V. Ryan
VINSON & ELKINS L.L.P.
The Terrace 7
2801 Via Fortuna, Suite 100
Austin, Texas 78746-7568
Tel: (512) 542-8400

Dated: March 26, 2008
857281 / 32914

By: */s/ Richard L. Horwitz*
   Richard L. Horwitz (#2246)
   David E. Moore (#3983)
   Hercules Plaza 6th Floor
   1313 N. Market Street
   P.O. Box 951
   Wilmington, DE 19899
   Tel: (302) 984-6000
   rhorwitz@potteranderson.com
   dmoore@potteranderson.com

*Attorneys for Defendant Dell Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Richard L. Horwitz, hereby certify that on March 26, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on March 26, 2008, the attached document was Electronically Mailed to the following person(s):

Jack B. Blumenfeld
Julia Heaney
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE 19899-1347
JBlumenfeld@MNAT.com
jheaney@mnat.com

Lawrence B. Goodwin
Peter J. Toren
Charlotte Pontillo
Stefan R. Stoyanov
Eric Stieglitz
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, NY 10019
lgoodwin@kasowitz.com
ptoren@kasowitz.com
cpontillo@kasowitz.com
sstoyanov@kasowitz.com

/s/ Richard L. Horwitz
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

857261 / 32914