# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. Box 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 Fax

JULIA HEANEY
302 351 9221
302 425 3004 Fax
jheaney@mnat.com

May 2, 2008

The Honorable Joseph J. Farnan, Jr            *VIA ELECTRONIC FILING*
United States District Court
   For the District of Delaware
844 North King Street
Wilmington, DE 19801

Re:   *WebXchange Inc. v. Dell Inc.*
      C.A. No. 08-132 (JJF)

Dear Judge Farnan:

In connection with the May 9, 2008 Scheduling Conference in this case, enclosed is the parties' Joint Proposed Rule 16 Scheduling Order, including the parties' separate proposals on those provisions where they have not reached agreement.

Respectfully,

*/s/ Julia Heaney*

Julia Heaney (#3052)

JH:dlb
Enclosure
cc:   Clerk of Court (Via Hand Delivery; w/ encl.)
      Richard L. Horwitz, Esquire (Via Electronic Mail and Hand Delivery; w/ encl.)
      Roderick B. Williams, Esquire (Via Electronic Mail; w/ encl.)
      Lawrence B. Goodwin, Esquire (Via Electronic Mail; w/ encl.)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WEBXCHANGE INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 08-132 (JJF) |
| | ) | |
| DELL INC., | ) | |
| | ) | |
| Defendant. | ) | |

### [JOINT PROPOSED] RULE 16 SCHEDULING ORDER

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f),

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties will exchange by **May 30, 2008**, the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.1.

2. **Joinder of Other Parties.** All motions to join other parties shall be filed on or before **August 8, 2008**.

3. **Settlement Conference.** Pursuant to 28 U.S.C. §636, this matter is referred to Magistrate Judge _____ for the purposes of exploring the possibility of a settlement. If the parties agree that they would benefit from a settlement conference, the parties shall contact the Magistrate Judge to schedule a settlement conference so as to be completed no later than the Pretrial Conference or a date ordered by the Court.

4. **Discovery.**

    (a) Consolidation

        (i) The parties propose to consolidate three cases for purposes of discovery on issues common to all defendants, including discovery concerning the patents-in-suit and claim construction, and for purposes of conducting a *Markman* hearing. The three cases are

*WebXchange Inc. v. The Allstate Corporation, Allstate Insurance Company, Allstate Life Insurance Company, Allstate Financial Services LLC, and Allstate Financial LLC*, CA No. 1:08-cv-00131 (JJF);[1] *WebXchange vs. Dell*, CA No. 1:08-cv-00132 (JJF); and *WebXchange Inc. v. FedEx Corporation, FedEx Kinko's Office & Print Services, Inc., and FedEx Corporate Services Inc.*, CA No. 1:08-cv-00133 (JJF).

(ii) For purposes of counting discovery requests, Allstate Insurance Company, Allstate Life Insurance Company, and Allstate Financial Services, LLC, collectively (the "Allstate Defendants"), count as a single defendant, and FedEx Corporation, FedEx Kinko's Office & Print Services, Inc., and FedEx Corporate Services Inc., collectively (the "FedEx Defendants"), count as a single defendant; provided, however, that each discovery request directed to the Allstate Defendants and/or the FedEx Defendants is answered on behalf of all of the individual defendants, and that each discovery request from the Allstate Defendants or the FedEx Defendants directed to the Plaintiff is answered with respect to each individual defendant.

(iii) the defendants will cooperate during discovery, to the extent possible, and will avoid duplication of interrogatories and requests for admission, and during depositions, as to the common issues.

(b)    **WebXchange's proposal:** Exchange and completion of contention interrogatories, identification of fact witnesses, and document production shall be commenced so as to be completed by **December 19, 2008.**

---

[1]    WebXchange Inc., and defendants, The Allstate Corporation and Allstate Financial, LLC, have stipulated to the dismissal, without prejudice, of all claims and causes of action between them in this action.

**Defendant's proposal:** Exchange and completion of **written discovery including** contention interrogatories, identification of fact witnesses, and document production shall be commenced so as to be completed by **February 20, 2009.**

(c) Requests for admission will be served in time to be completed by **30 days after the close of expert discovery.**

(d) **WebXchange's proposal: Each Defendant may serve a maximum of 25 interrogatories, including contention interrogatories, on the Plaintiff, provided that interrogatories on common issues will count towards each Defendant.** The Plaintiff may serve a maximum of 25 interrogatories, including contention interrogatories, on each Defendant.

**Defendant's proposal: Each Defendant may serve a maximum of 25 interrogatories, including contention interrogatories, on the Plaintiff.** The Plaintiff may serve a maximum of 25 interrogatories, including contention interrogatories, on each Defendant.

(e) **WebXchange's proposal: Each Defendant may serve a maximum of 75 requests for admission on the Plaintiff, provided that requests for admission on common issues will count towards each Defendant.** The Plaintiff may serve a maximum of 75 requests for admission on each Defendant.

**Defendant's proposal: Each Defendant may serve a maximum of 75 requests for admission on the Plaintiff.** The Plaintiff may serve a maximum of 75 requests for admission on each Defendant.

(f) **WebXchange's proposal: The Defendants collectively may take a total of 150 hours of fact depositions directed to either common or individual issues.** The

**Plaintiff may take a total of 150 hours of fact depositions in each case.** Without leave of Court, each individual deponent shall not be deposed for more than seven hours, in accordance with the Federal Rules of Civil Procedure, except Defendants may collectively depose the inventor of the patents-in-suit, in her individual capacity for a total of 14 hours. The parties are free to file motions for leave of Court to take additional depositions, should additional issues arise during discovery. **Fact depositions shall be noticed in time to be completed no later than February 27, 2009.**

**Defendant's proposal: The Defendants collectively may take a total of 150 hours of fact depositions directed to either common or individual issues. The Plaintiff may take a total of 150 hours of fact depositions.** Without leave of Court, each individual deponent shall not be deposed for more than seven hours, in accordance with the Federal Rules of Civil Procedure, except Defendants may collectively depose the inventor of the patents-in-suit, in her individual capacity, **on common issues of fact related to the patents-in-suit or claim construction** for a total of 14 hours. The parties are free to file motions for leave of Court to take additional depositions, should additional issues arise during discovery. **Fact depositions shall be noticed in time to be completed no later than April 24, 2009, or thirty (30) days after the issuance of the Court's Markman decision, whichever is later.**

(g)  Reports from retained experts required by Fed. R. Civ. P. 26(a)(2) are due from the party with the burden of proof on the issue the expert is offered **thirty (30) days** after the issuance of the Court's Markman decision. **Rebuttal expert reports are due thirty (30) days thereafter.**

(h) Any party desiring to depose an expert witness shall notice and complete said deposition no later than **thirty (30) days from the day rebuttal expert reports are due**, unless otherwise agreed in writing by the parties or ordered by the Court.

5. **Non-Case Dispositive Motions.**

(a) Any non-case dispositive motion, along with an Opening Brief, shall be filed with a Notice of Motion. The Notice of Motion shall indicate the date on which the movant seeks to have the motion heard. The hearing date selected shall allow time for filing of the motion, allow for briefing in accordance with the Federal and Local Rules, and shall permit all briefing to be filed no later than 12:00 noon the Friday before the motion day on which it is to be heard. Available motion dates will be posted on the Court's website at: http://www.ded.uscourts.gov/JJFmain.htm.

(b) At the motion hearing, each side will be allocated ten (10) minutes to argue and respond to questions from the Court.

(c) Upon filing of the Notice of Motion, a copy of said Notice shall be sent to Chambers by email at: jjf_civil@ded.uscourts.gov.

6. **Amendment of the Pleadings.** All motions to amend the pleadings shall be filed on or before **January 10, 2009.**

7. **Case Dispositive Motions.** Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an Opening Brief on or before **thirty (30) days** after expert discovery closes. Briefing shall be pursuant to D. Del. LR 7.1.2. No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court. The parties shall follow the Court's procedures for summary judgment motions which is available on the Court's website at: http://www.ded.uscourts.gov/JJFmain.htm.

8. **Markman.**

The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues. **Sixty (60) days before the Markman Hearing,** the parties shall identify and exchange their claim construction contentions. **One week after exchanging their contentions,** the parties shall exchange a Joint Appendix of Intrinsic and Extrinsic Evidence (the "Joint Appendix") containing all intrinsic and extrinsic evidence relied upon in the claim construction briefing. A sample table of contents of the Joint Appendix can be located on this Court's website at www.ded.uscourts.gov. The Joint Appendix shall be filed with the Court on the same day as the answering claim construction briefs. The parties shall file opening claim construction briefs at least **forty (40) days before the Markman Hearing,** and answering claim construction briefs at least **twenty (20) days prior to the hearing.** The Court, after reviewing the briefing, will allocate time to the parties for the hearing.

**WebXchange's proposal:** A Markman Hearing, if necessary, will be held on **April 1, 2009,** or such other date as set by the Court.

**Defendant's proposal:** A Markman Hearing, if necessary, will be held on **December 15, 2008,** or such other date as set by the Court.

9. **Applications by Motion.**

(a) Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective June 30, 2007). Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1 and be made in accordance with the Court's February 1, 2008 Order on procedures for filing non-dispositive motions in patent cases. Briefs shall be limited to

no more than ten (10) pages. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

        (b)      No facsimile transmissions will be accepted.

        (c)      No telephone calls shall be made to Chambers.

        (d)      Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

        10.     **Pretrial Conference and Trial.** After reviewing the parties' Proposed Scheduling Order, the Court will schedule a Pretrial Conference.

        **WebXchange proposal: Pretrial Conference in January, 2010.**

        **Defendant's proposal: Leave to Court's discretion.**

The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference. If scheduling of the trial date is deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days of the Pretrial Conference.

_____                       _____
     DATE                                                      UNITED STATES DISTRICT JUDGE

2314748