IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WEBXCHANGE INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 08-132-JJF |
| | : | |
| DELL INC., | : | |
| | : | |
| Defendant. | : | |

Lawrence B. Goodwin, Esquire; Peter J. Toren, Esquire; Charlotte
Pontillo, Esquire; Stefan R. Stoyanov, Esquire; and Eric J.
Stieglitz, Esquire of KASOWITZ, BENSON, TORRES & FRIEDMAN LLP,
New York, New York.
Jack B. Blumenfeld, Esquire and Julia Heaney, Esquire of MORRIS,
NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware.

Attorneys for Plaintiff.

Christopher V. Ryan, Esquire; Efren Garcia, Esquire; and Avelyn
M. Ross, Esquire of VINSON & ELKINS L.L.P., Austin, Texas.
Richard L. Horowitz, Esquire; David E. Moore, Esquire; and D. Fon
Muttamara-Walker, Esquire of POTTER ANDERSON & CORROON, LLP,
Wilmington, Delaware.

Attorneys for Defendant Dell. Inc.

**MEMORANDUM OPINION**

January ____ , 2010
Wilmington, Delaware

**Farnan, District Judge.**

Presently before the Court is Defendant Dell Inc.'s Motion
For Leave To Amend Its Answer (D.I. 130).  For the reasons
discussed, Defendant's Motion will be granted.

## I.   Background

This is a patent infringement action brought by Plaintiff
WebXchange Inc. ("Plaintiff") against Defendant Dell Inc.
("Defendant") alleging infringement of U.S. Patent No. 5,778,178
(the "'178 patent"), U.S. Patent No. 6,212,556 (the "'556
patent"), and U.S. Patent No. 7,340,506 (the "'506 patent")
(collectively, the "patents-in-suit").

On January 23, 2009, the Court issued a Scheduling Order
(D.I. 76) directing the parties to file amendments to pleadings
by January 10, 2009, and calling for document production,
contention interrogatories, and identification of fact witnesses
to be completed by February 27, 2009.  On January 13, 2009, the
Court granted Defendant leave to file its First Amended Answer.
(D.I. 74.)  On December 30, 2009, the Court denied Defendant's
Motion To Bifurcate, And For Early Trial On, The Issue Of
Inequitable Conduct, by which Defendant sought to have the
inequitable conduct defense tried prior to issues of infringement
and invalidity.  (D.I. 156.)  A Markman hearing has not yet been
held.  Defendant filed the present Motion For Leave To Amend Its
Answer ("Motion To Amend") on May 27, 2009.

## II.  **Parties' Contentions**

By its Motion To Amend, Defendant seeks to file a Second
Amended Answer And Counterclaims To WebXchange Inc.'s Original
Complaint For Patent Infringement ("Second Amended Answer") in
order to supplement its affirmative defense and counterclaim of
unenforceability of the patents-in-suit due to inequitable
conduct.  (D.I. 131, at 2.)  Defendant contends that its Motion
To Amend is proper under Rule 15(a) because it was sought without
undue delay and because Plaintiff will not suffer any prejudice
from the proposed amendments.  (Id. at 5-6.)  Specifically,
Defendant asserts that there was no delay because the following
evidence, which was unavailable before the pleading deadline,
forms the basis of the proposed Second Amended Answer:
information disclosure statements filed by Plaintiff with the
United States Patent and Trademark Office ("PTO") on or around
May 5, 2009, and evidence produced on February 27, 2009
concerning an author of a prior art reference and one of
Plaintiff's employees.  (Id. at 7.)  According to Defendant,
Plaintiff will not be prejudiced by the Second Amended Answer
because it merely serves to flush out the existing inequitable
conduct defense.  (Id. at 5.)  Defendant further contends that
"good cause" exists under Rule 16(b) because Defendant is
supplementing the previously asserted inequitable conduct defense
with evidence that was unavailable before the pleading deadline.

2

(Id. at 8).

Plaintiff opposes Defendant's Motion To Amend, arguing that Defendant has not established good cause to amend.[1]  Plaintiff generally contends that Defendant has failed to explain why it could not have timely amended because, according to Plaintiffs, the information on which the proposed amendments are based was actually in Defendant's possession by August 2008.  (D.I, 134, at 6.)  Plaintiff additionally contests amendment on the grounds that Paragraph 49 is futile (id. at 8-10), and that Plaintiff will be unduly prejudiced because the Second Amended Answer adds new defenses after the deadline for identifying fact witnesses, and for serving document requests and contention interrogatories has passed (id. at 7).

## III. Legal Standard

"After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party."  Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000)(citing Fed. R. Civ. P. 15(a)).  The district court has discretion in granting a motion to amend, Foman v. Davis, 371 U.S. 178, 182 (1962), and "the court should freely

---

[1]Plaintiff only opposes the proposed amendments which relate to Defendant's inequitable conduct defense.  Namely, Plaintiff opposes Paragraphs 13, 16, 35, 41-44, 47-51 of the Second Amended Answer.  The Court notes that Paragraph 35 was previously asserted in the First Amended Answer (D.I. 75 ¶ 31), and no modifications have been made to it in the Second Amended Answer.

3

give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).
The Third Circuit has adopted a liberal policy favoring the
amendment of pleadings to ensure that claims are decided on the
merits rather than on technicalities.  <u>Dole v. Arco Chem. Co.</u>,
921 F.2d 484, 487 (3d Cir. 1990).  Amendment should ordinarily be
permitted absent a showing of "undue delay, bad faith or dilatory
motive on the part of the movant, repeated failure to cure
deficiencies by amendment previously allowed, undue prejudice to
the opposing party by virtue of the allowance of the amendment,
futility of the amendment, etc."  <u>Foman</u>, 371 U.S. at 182.

     If a party moves for leave to amend the pleadings after a
deadline imposed by a Scheduling Order, Rule 16 of the Federal
Rules of Civil Procedure is implicated.  Pursuant to Rule 16(b),
"a schedule may be modified only for good cause and with the
judge's consent."  Fed. R. Civ. P. 16(b)(4).  After a pleading
deadline has passed, the Third Circuit requires a showing of good
cause in order to amend.  <u>See E. Minerals & Chems. Co. v. Mahan</u>,
225 F.3d 330, 340 (3d Cir. 2000)(affirming district court's
denial of motion for leave to amend because no showing of good
cause to modify scheduling order was made) ; <u>see</u> <u>also</u> <u>Dimensional
Commc'ns, Inc. v. OZ Optics, Ltd.</u>, 148 Fed. Appx. 82, 85 (3d Cir.
2005)(citing <u>E. Minerals</u> to disagree with assertion that Third
Circuit had not adopted the good cause requirement when ruling on
motions to amend a pleading after a scheduling order deadline has

4

passed). "Good cause" exists when the Schedule cannot reasonably be met despite the diligence of the party seeking the extension. Fed. R. Civ. P. 16(b)(4) Advisory Committee's Notes(1983 amendments). "In contrast to Rule 15(a), the good cause standard under Rule 16(b) hinges on diligence of the movant, and not on prejudice to the non-moving party." Roquette Freres v. SPI Pharma, Inc., C.A. No. 06-540-GMS, 2009 WL 1444835, at *4 (D. Del. May 21, 2009).

## IV. Discussion

### A.   Rule 16(b)

The Court concludes that Defendant has demonstrated good cause to file its Second Amended Answer, and that the amendments could not have been made before the January 10, 2009 pleading deadline, despite Defendant's diligence. Paragraphs 13 and 16 of the Second Amended Answer relate to inequitable conduct allegations based on Dr. Arunachalam's purported failure to disclose certain Internet Standards as prior art references during prosecution of the patents-in-suit. Plaintiff contends these proposed amendments are based on information obtained from the patents-in-suit and their prosecution histories, not on documents that Plaintiff filed with the PTO in February and March 2009. Upon review of the February 13, 2009 and March 9, 2009 disclosure statements filed by Plaintiffs with the PTO (D.I. 131, Exs. 1, 2), however, the Court is satisfied that the proposed

amendments are responsive to Plaintiff's representations in these disclosures.  Accordingly, good cause exists with regard to Paragraphs 13 and 16.

Good cause similarly exists with regard to Paragraphs 41-44, and 47-51 of the Second Amended Answer, which relate to inequitable conduct allegations based on Dr. Arunachalam's purported failure to disclose CORBA references to the PTO during prosecution of the patents-in-suit.  Plaintiff contends that the business plans it produced in August 2008 contained references to a book written by Bob Orfali and Dan Harkey (the "Orfali book") and to CORBA generally, and thus, that Defendant was aware of the Orfali book months before the pleading deadline.  (D.I. 134, at 8.)  Upon review of Plaintiff's business plans (D.I. 131, Ex. 6; D.I. 135, Exs. A, B), the Court finds they do not contain sufficient information upon which Defendant could have pleaded inequitable conduct based on Dr. Arunachalam's knowledge of the Orfali book and her failure to disclose it as prior art with respect to the '556 patent.  See Enzo Life Sci., Inc. v. Digene Corp., 270 F. Supp. 2d 484, 487 (D. Del. 2003) (stating that Rule 9(b) requires that claims of inequitable conduct in patent cases be pled with particularity).  Rather, the Court is persuaded that Defendant "did not possess evidence that would link the book to development of [the patents-in-suit]" until Plaintiff's February 27, 2009 document production.  (D.I. 138, at 3.)

6

B.   Rule 15(a)

Turning to Rule 15(a), the Court first concludes that the proposed amendment in Paragraph 49[2] is not futile.  Amendment of a complaint is futile if it fails to state a claim upon which relief can be granted.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d. Cir. 1997)(citing Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996)).  In determining the futility of a proposed amendment, the Court must apply the same standard of legal sufficiency as under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Id.  If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend."  Harrison Beverage Co. v. Dribeck Imp., Inc., 133 F.R.D. 463, 468-69 (D.N.J. 1990)(citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487 (2nd ed. 1990)).

Plaintiff contends that Paragraph 49 is futile because an engineer's knowledge cannot be imputed to the inventor for purposes of 37 C.F.R § 1.56's disclosure requirements.  (D.I. 134, at 9.)  However, Plaintiff's reliance on Matshushita Elec.

___

[2] Paragraph 49 alleges that "At least one WebXchange engineer took a course given by at least one of the authors of the 1998 Orfali book.  On information and belief, the same engineer was at least partially responsible for implementing functionality both claimed in the 556 patent and taught by the Orfali book."  (D.I. 130, Ex. A ¶ 49.)

7

Indus. Co. v. Cinram Int'l, Inc., 299 F. Supp. 2d 348 (D. Del.
2004), is misplaced. Matshushita involved a plaintiff's motion
for summary judgment on a defendant's inequitable conduct
defense. Id. The motion was granted, and no inequitable conduct
found, because the inventor instructed engineers to search for
patents relevant to his research, but "the court [found] no
evidence of record to show either that [the inventor] knew of
[the relevant patents] or that he intentionally withheld them
from the PTO." Id. at 360-61. Unlike in Matshusita, factual
determinations about the extent of Dr. Arunachalam's knowledge of
the Orfali book and whether or not the Orfali book was
intentionally withheld from the PTO are not appropriate at this
stage of the litigation. Moreover, the Second Amended Answer
does not merely rely on Paragraph 49 to allege Dr. Arunachalam's
knowledge of the Orfali book. Rather, Defendant pleads that Dr.
Arunachalam "possessed a copy of or knew of the 1998 Orfali
book," and "knew that the 1998 Orfali book described the features
of CORBA." (D.I. 130 Ex. A ¶¶ 42, 43.) Accordingly, the Court
concludes that inequitable conduct claim is not futile because
the factual allegations of inequitable conduct are enough to
raise a right to relief above the speculative level, and the
claim is plausible on its face.

Further, the Court concludes that Plaintiffs will not be
unduly prejudiced by the Second Amended Answer. In order to

prove undue prejudice, the non-movant "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered . . . had the amendments been timely." Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989)(citing Heyl & Patterson Int'l, Inc. v. F.D. Rich Hous. of V.I., Inc., 663 F.2d 419, 426 (3d Cir. 1981)). Contrary to Plaintiff's assertion that the Second Amended Answer contains "new" inequitable conduct defenses, the Court concludes that the amendments pertain to two inequitable conduct theories previously alleged in the First Amended Answer: Dr. Arunachalam's purported failure to disclose certain Internet Standards to the PTO during prosecution , and Dr. Arunachalam's purported failure to disclose CORBA references to the PTO during prosecution. Finally, in rejecting Plaintiff's contentions of undue prejudice and granting Defendant's Motion To Amend, the Court is mindful of the procedural posture of this case. No Markman hearing has been conducted, no trial date has been set, and the close of both fact and expert discovery are tied to the issuance of a claim construction Order. (See D.I. 76.)

Accordingly, the Court concludes that Defendant should be granted leave to file its Second Amended Answer.

**V. Conclusion**

For the reasons discussed, Defendant's Motion For Leave To Amend Its Answer will be granted.

9

An appropriate Order will be entered.