IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WEBXCHANGE INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 08-132-JJF |
| | : | |
| DELL INC., | : | |
| | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| WEBXCHANGE INC., | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | C.A. No. 08-133-JJF |
| | : | |
| FEDEX CORPORATION, FEDEX KINKO'S | : | |
| OFFICE & PRINT SERVICES, INC., and | : | |
| FEDEX CORPORATE SERVICES INC., | : | |
| | : | |
| Defendants. | : | |

Lawrence B. Goodwin, Esquire; Peter J. Toren, Esquire; Charlotte
Pontillo, Esquire; Stefan R. Stoyanov, Esquire; and Eric J.
Stieglitz, Esquire of KASOWITZ, BENSON, TORRES & FRIEDMAN LLP,
New York, New York.
Jack B. Blumenfeld, Esquire and Julia Heaney, Esquire of MORRIS,
NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware.

Attorneys for Plaintiff.

Kara F. Stoll, Esquire; Joyce Craig, Esquire; and Jason W.
Melvin, Esquire of FINNEGAN HENDERSON FARABOW GARRETT & DUNNER
LLP, New York, New York.
Jeffrey A. Berkowitz, Esquire of FINNEGAN HENDERSON FARABOW
GARRETT & DUNNER LLP, Reston, Virginia.
Frederick L. Cottrell, III, Esquire and Anne Shea Gaza, Esquire
of RICHARDS, LAYTON & FINGER, P.A. , Wilmington, Delaware.

Attorneys for Defendants Fedex Corporation, Fedex Kinko's Office
& Print Services, Inc., and Fedex Corporate Services, Inc.

Christopher V. Ryan, Esquire and Efren Garcia, Esquire of VINSON
& ELKINS L.L.P., Austin, Texas.
Richard L. Horowitz, Esquire and David E. Moore, Esquire of

POTTER ANDERSON & CORROON, LLP, Wilmington, Delaware.

Attorneys for Defendant Dell. Inc.

**MEMORANDUM OPINION**

February $\underline{16}$ , 2010
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is a Motion To Compel Production Of Withheld Documents (C.A. 08-132, D.I. 142; C.A. 08-133, D.I. 169) filed by Defendant Dell Inc. and Defendants Fedex Corporation, Fedex Kinko's Office & Print Services, Inc., and Fedex Corporate Services Inc. ("Fedex") (collectively, "Defendants"). For the reasons discussed, Defendants' Motion will granted in part and denied in part.

## I.   Background

On March 5, 2008, Plaintiff WebXchange Inc. ("Plaintiff") initiated separate patent infringement actions against Defendants. The actions allege infringement of the same patents, and were consolidated for purposes of discovery and claim construction. (D.I. 16.)[1] Document production, contention interrogatories, and identification of fact witnesses were to be completed by February 27, 2009. (D.I. 76.) Defendants filed the present Motion To Compel Production Of Withheld Documents ("Motion To Compel") on October 26, 2009.

## II.   Parties' Contentions

By their Motion To Compel, Defendants contend that Plaintiff has improperly withheld and redacted a significant number of relevant documents. (D.I. 144, at 2.) Specifically, Defendants contend that Plaintiff has misused the attorney-client, work-

_____

[1] All docket references are to C.A. No. 08-132.

product, and clergy-communicant privileges, and thus, has improperly withheld production of certain documents under those privileges. Further, Defendants contend that the crime-fraud exception prevents Plaintiff from asserting attorney-client privilege over documents related to prosecution of the patents-in-suit, and thus, these documents were improperly withheld. (Id. at 9.) Finally, Defendants contend that Plaintiff has improperly redacted information from relevant documents by claiming that the information is "highly personal." (Id.)

In response, Plaintiff contends the attorney-client, work-product, and clergy-communicant privileges were all properly asserted, and documents appropriately withheld. (D.I. 151, at 2, 4-6.) Plaintiff characterizes Defendants' factual challenges to privilege as "misguided" and contends that Defendants are incorrect on the law of privilege in numerous respects. (Id. at 1.) Further, Plaintiff contends that the crime-fraud exception to the attorney-client privilege is inapplicable with regard to patent-prosecution documents. (Id. at 8.) Plaintiff additionally requests the Court to issue a protective order preventing disclosure of "sensitive, personal information" made in Dr. Arunachalam's communications. (Id. at 9.)

## III. Discussion

The Court will grant in part and deny in part Defendants' Motion To Compel. Federal Rule of Civil Procedure 26 provides

2

that the "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). As long as the information sought is reasonably calculated to lead to the discovery of admissible evidence, it is discoverable, even if it is ultimately not admissible at trial. Id. When a party withholds otherwise discoverable information by claiming that the information is privileged, the party must "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed- and do so in a manner that . . . will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A).

The Court will separately examine each category of documents for which production is sought.

A.   Documents Withheld As Attorney-Client Privileged

The Court will not require production of documents withheld under the attorney-client privilege, but will require Plaintiff to supplement its privilege log as discussed below. Defendants contend that Plaintiff has misused the attorney-client privilege in two ways. First, Defendants question the characterization of certain individuals as "employees," contending that communications involving these individuals were not confidential, and thus, were not privileged. (D.I. 144, at 5.) Second, Defendants contend that certain documents were improperly

withheld under the attorney-client privilege because Plaintiff has not proven that there were actually "communications" made to "attorneys" within these documents.  (Id. at 5-6.)

The attorney-client privilege protects from compelled disclosure "any communication that satisfies the following elements: it must be '(1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client." In re Teleglobe Commc'ns Corp., 493 F.3d 345, 359 (3d Cir. 2007)(citing Restatement (Third) Of The Law Governing Lawyers § 68 (2000)). The client, the attorneys, and any of their agents that help facilitate attorney-client communications or legal representation are included within "privilege persons." Id.

> 1. *Documents Listing M. Wade, R. Shagrithaya, G. Langer, B. Brandt, T. Hassing, R. Srinivasan, B. Welch*

A communication is not made in confidence, and in turn is not privileged, if persons other than the client, its attorney, or their agents are present. Id. at 361. Similarly, if a client shares an otherwise privileged communication with a third party, then the communication is no longer confidential and the client has waived the privilege. Id. However, "[w]hen disclosure to a third party is necessary for the client to obtain informed legal advice, courts have recognized exceptions to the rule that disclosure waives the attorney-client privilege." Westinghouse

4

Elec. v. Republic of Phil., 951 F.2d 1414, 1424 (3d Cir. 1991). In the corporate context, "[t]he 'privilege is waived if the communications are disclosed to employees who did not need access to' them." SmithKline Beecham Corp. v. Apotex Corp., 232 F.R.D. 467, 476 (E.D. Pa. 2005)(citing Baxter Travenol Labs., Inc. v. Abbott Labs., No. 84 C 5103, 1987 WL 12919, at *5 (N.D. Ill. June 19, 1987)); see also Andritz Sprout-Bauer, Inc. v. Beazer East, Inc., 174 F.R.D. 609, 633 (M.D. Pa. 1997)("Only when the communications are relayed to those who do not need the information to carry out their work or make effective decisions one the part of the company is the privilege lost.").

The dispute with regard to the document listing T. Hassing as a recipient has been resolved, and Plaintiff has agreed to produce this document. In light of the Declaration of Dr. Arunachalam (the "Arunachalam Declaration") (D.I. 147) describing the nature of the relationships between Plaintiff and G. Langer, B. Brandt, and B. Welch, and Defendants' failure to articulate any specific basis for challenging these descriptions, the Court is satisfied that disclosures of privileged communications to G. Langer, B. Brandt and B. Welch were made within the context of their employment capacities, or in the context of their assisting Dr. Arunachalam in obtaining legal advice. Accordingly, the communications remained confidential, and Plaintiff did not waive privilege with regard to the documents listing G. Langer, B.

Brandt, and Welch as recipients.

More troubling is whether Plaintiff waived privilege with regard to the documents listing M. Wade, B. Shagrithaya, and R. Srinivasan as recipients.  Plaintiff represents that these individuals were either former employees and/or ongoing advisors, and that all assisted Dr. Arunachalam in obtaining legal advice in some fashion.  (D.I. 135, Arunachalam Decl. ¶¶ 7, 9, 13.)  However, Defendants direct the Court's attention to other documents, produced by Plaintiff, which suggest that Plaintiff's relationships with each of these individuals may have been different than what is represented in the Arunachalam Declaration.  ( D.I. 144, Exs. 18, 19, 20; D.I. 151, Exs. 1,2.)  Faced with the choice of either crediting the Arunachalam Declaration, or attempting to piece together the nature of the relationships between Plaintiff and M. Wade, B. Shagrithaya, and R. Srinivasan from various documents produced during discovery, the Court will assume Plaintiff's counsel has fully informed Plaintiff of its discovery obligations, and will credit the Arunachalam Declaration.  Accordingly, the Court concludes that Plaintiff did not waive confidentiality on the documents listing M. Wade, B. Shagrithaya, and R. Srinivasan as recipients, and that these documents were properly withheld under the attorney-client privilege.

2.  *Documents Listing R. Laurie; Documents Listing No Attorney And/Or Communication*

As an initial matter, the Court notes that the dispute over whether a communication with R. Laurie was subject to attorney-client privilege has been resolved, and Plaintiff has agreed to produce this document. (D.I. 146, Ex. A.)  With regard to disputed documents whose corresponding entries in the privilege log indicate that they were withheld as "notes memorializing confidential communications with counsel" (see e.g., D.I. 144, Ex. 2, entries 2381-82), the Court will not order production because they are protected by the attorney-client privilege.  See 6 James A. Moore et al., Moore's Federal Practice § 26.49[1].

However, the Court will require Plaintiff to supplement its privilege log entries for withheld documents which are drafts of confidential communications made to an attorney, or notes or memos to counsel regarding confidential communications. (See e.g., D.I. 144, Ex. 2, entries 2663, 2934.)  For purposes of the attorney-client privilege, a communication is "'any expression' through which a privileged person 'undertakes to convey information to another privileged person and any document or record that embodies such expression'" in order to facilitate the rendition of legal services.  3 Jack B. Weinstein et al., Weinstein's Federal Evidence §503.14[1] (2d ed. 2009).  Upon review of Plaintiff's privilege log, it is unclear whether the drafts, memos and notes were ever, in some later form,

7

communicated to an attorney. Plaintiff relies on <u>Laethem Equip.</u>
<u>Co. v. Deere & Co.</u>, 05-10113, 2009 U.S. Dist. LEXIS 76840 (E.D.
Mich. Aug. 27, 2009), yet in that case it was apparent which of
the actual "communications" within the privilege log the draft
documents referred to. See <u>Laethem</u>, 2009 US Dist. LEXIS, at *34.
(stating, for example, that "[disputed] [d]ocument number 76 is
an earlier draft of a document that was e-mailed to [the
attorney] in document number 337"). Accordingly, for each
document of this kind, Plaintiff shall identify the actual
communication to an attorney (listed within the privilege log) to
which the drafts, notes, and memos pertain.[2]

## B.   Documents Withheld As Work-Product Privileged

The Court will not require production of documents withheld
under the work-product doctrine. Defendants contend that
Plaintiff has inappropriately claimed that the work-product
doctrine applies to communications with, and documents from, Mr.
Daniel Klausner ("Mr. Klausner"), a non-testifying expert
retained by Plaintiffs. (D.I. 44, at 7.) Defendants contend
that Plaintiff has refused to provide the date and circumstances
of Mr. Klausner's retention, and thus, the claimed privilege

---

[2] In the Declaration of Stefan R. Stoyanov, Plaintiff states
that "WebXchange privilege log entries 813-14 are a privileged e-
mail and a privileged attachment memo, sent to counsel.
Privilege log entries 702, 2268, 2815, and 2854 are identical or
near identical copies of that attachment." (D.I. 148 ¶5.) Such
an explanation is sufficient.

8

cannot be evaluated. (Id.) Plaintiff responds that Mr. Klausner is a technical expert retained by former counsel to evaluate the patents, and provide technical advice and analyses regarding potential litigation. (D.I. 146, at 5-6; D.I. 147, Arunachalam Decl. ¶ 14.)

Under the attorney work-product doctrine, documents prepared by counsel or at counsel's direction in preparation for trial or in anticipation of litigation are not discoverable absent a showing of substantial need, undue hardship, or inability to obtain their equivalent by other means. Pfizer Inc. v. Ranbaxy Lab. Ltd., C.A. No. 03-209-JJF, 2004 WL 2323135, at *2 (D. Del. Oct. 7, 2004); Fed. R. Civ. P. 26(b)(3). The party claiming protection of the doctrine bears the burden of demonstrating that the documents were prepared by or for counsel in preparation for trial or in anticipation of litigation. Novartis Pharm. Corp. v. Abbott Lab., 203 F.R.D. 159, 163 (D. Del. 2001).

The Court finds that Plaintiff has met its burden of demonstrating that documents prepared by Mr. Klausner are protected by the work-product doctrine. Plaintiff has indicated that Mr. Klausner's evaluations were done at the request of counsel in connection with potential litigation. (D.I. 147, Arunachalam Decl. ¶ 14.) The Court declines to consider Defendants' specific arguments concerning non-testifying experts M. Covert, R. Burton, and Dr. Mitzenmacher, which were raised for

the first time in Defendants' Reply Brief. See D. Del. R.
7.1.3(c)(2) ("The party filing the opening brief shall not
reserve material for the reply brief which should have been
included in a full and fair opening brief.")

C.    Documents Withheld As Clergy-Communicant Privileged

The Court will not require production of documents withheld
as clergy-communicant privileged. Defendants contend that
Plaintiff improperly claims the clergy-communicant privilege for
three withheld documents, identified as items 1446, 2080 and 2091
in the privilege log. (D.I. 144, at 7.) Specifically,
Defendants contend that the privilege should not apply to these
emails from Dr. Arunachalam to clergypersons M. Meera and S.
Shankar because Plaintiff has not demonstrated that the emails
were made to M. Meera and S. Shankar in their spiritual capacity.
(Id. at 8.) Further, Defendants claim that the emails were not
confidential, as numerous third parties were copied on each.
(Id.)

According to Plaintiff's privilege log, these disputed
documents are emails "made to legal counsel and clergypersons for
the purposes of seeking legal and spiritual advice concerning
patent-infringement litigation." (D.I. 144, Ex. 2.) Plaintiff
contends that the emails were made to M. Meera and S. Shankar in
their spiritual capacities, and that as Hindu gurus, M. Meera and
S. Shankar are able to provide blessings regarding business and

10

legal matters. (D.I. 146, at 7.) Further, Plaintiff maintains
that the third parties copied on the emails were essential to and
in furtherance of the blessings, because Dr. Arunachalam sought
blessings on behalf of other employees and legal counsel. (Id.
at 7-8.)

The clergy-communicant privilege "protect[s] communications
made (1) to a clergyperson (2) in his or her spiritual capacity
(3) with a reasonable expectation of confidentiality." In re
Grand Jury Investigation, 918 F.2d 374, 384 (1990). "The
presence of multiple parties, unrelated by blood or marriage,
during discussions with a member of the clergy may, but will not
necessarily, defeat the condition that communications be made
with a reasonable expectation of confidentiality for the
privilege to attach." Id. at 386. The necessary inquiry is
whether the third party's presence is *essential to* and *in
furtherance of* the communication to the clergyperson. Id.
(emphasis added).

Given that Defendants do not challenge M. Meera's or S.
Shankar's qualifications as clergy (D.I. 151, at 5), the
threshold criterion that the withheld communications be made to
clergypersons is satisfied. Moreover, the Court sees no reason
to doubt that Dr. Arunachalam was seeking blessings from M. Meera
and S. Shankar via the three withheld emails, and thus, the
second criterion is satisfied. Although it is somewhat of a

11

closer call, the Court will accept Dr. Arunachalam's
representation that the third parties for whom blessing were
sought needed to be copied on the emails in order to be blessed,
and accordingly finds that their presence was essential to and in
furtherance of Dr. Arunachalam's communication to clergypersons.

## D. Patent-Prosecution Documents

The Court concludes that the crime-fraud exception is
inapplicable and will not require production of the patent-
prosecution documents withheld by Plaintiff. Defendants contend
that, because Plaintiff fraudulently obtained its patents from
the PTO, the crime-fraud exception prevents Plaintiff from
claiming privilege over communications related to the patent
prosecutions. (D.I. 144, at 9.) Plaintiff contends that
Defendant has failed to make a prima facie showing of fraud, and
therefore, cannot invoke the crime-fraud exception to attorney-
client privilege. (D.I. 146, at 9.)

Communications between an attorney and a client, otherwise
privileged, are not protected by the attorney-client privilege or
work-product doctrine if they are made in furtherance of a crime
or fraud. See e.g., Hercules, Inc. v. Exxon Corp., 434 F. Supp.
136, 155 (D. Del. 1977). The party seeking discovery of
otherwise privileged communications or documents must prove that
the crime-fraud exception applies by showing: (1) a prima facie
case of criminal or fraudulent conduct, and (2) that the

communications were made in furtherance of the crime or fraud.
Id.

The Court agrees with Plaintiff that Defendants have failed
to make the prima facie showing of criminal or fraudulent conduct
required for application of the crime-fraud exception.  In the
Court's view, Defendants' arguments amount to little more than a
restatement of their inequitable conduct allegations, which are
insufficient for a prima facie showing of fraud.  See In re
Spalding Sports Worldwide, Inc., 203 F.3d 800, 807 (Fed. Cir.
2007)("inequitable conduct is not by itself common law fraud");
Allergan Inc. v. Pharmacia Corp., No. Civ. A. 01-141-SLR, 2002 WL
1268047, at *1 (D. Del. May 17, 2002)("absent a prima facie
showing of fraud, an allegation of inequitable conduct, in and of
itself, does not vitiate the attorney-client privilege").

E.    Documents In Which "Highly Personal" Information Was
      Redacted

Defendants challenge redactions taken by Plaintiffs in
dozens of produced documents.  (D.I. 144, at 9.)  Plaintiff
maintains that these redactions were only made to protect private
details of Dr. Arunachalam's personal life, and are irrelevant to
this litigation.  (D.I. 146, at 10.)  However, Defendants argue
that the documents themselves are relevant, and that Plaintiff
appears to have redacted much more than personal information,
which generally includes account numbers, social security

13

numbers, et al.   (D.I. 144, at 9.)

Upon review of a selection of the disputed emails (id., Ex. 6), the Court agrees with Defendants that a significant amount of information has been redacted for being personal in nature and/or non-responsive, and that the potential relevance of the redacted information cannot be determined from the explanations provided by Plaintiff.   Plaintiff has agreed to produce the disputed documents for an *in camera* review (D.I. 146, at 10-11), and the Court will therefore order Plaintiff to do so.

The Court declines to consider Plaintiff's request for a protective order to prevent disclosure as it was improperly raised.[3]

## IV.   Conclusion

For the reasons discussed, Defendants' Motion To Compel Production Of Withheld Documents (C.A. 08-132, D.I. 142; C.A. 08-133, D.I. 169) will be granted in part and denied in part. Specifically, the Court will not require production of documents withheld under the work-product doctrine or the clergy-communicant privilege.   The Court will not require production of

---

[3] Instead of filing a motion for protective order, Plaintiff filed an Answering Brief In Opposition To Defendants' Motion To Compel Production Of Withheld Documents And In Support Of WebXchange's Cross-Motion For a Protective Order (D.I. 146). However, per the Rule 16 Scheduling Order in place, any non-case dispositive motion, along with an Opening Brief, shall be filed with a Notice of Motion.   (D.I. 76.)

14

Plaintiff's patent-prosecution documents.   The Court will not require production of documents withheld under the attorney-client privilege, but will require Plaintiff to supplement its privilege log in the manner discussed.   The Court will require Plaintiff to produce the documents redacted as containing "highly personal" information for an *in camera* review.

An appropriate Order will be entered.