# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WEBXCHANGE INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DELL INC., )<br>)<br>Defendant. ) | C.A. No. 08-132 (JJF) |
| WEBXCHANGE INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FEDEX CORPORATION, FEDEX KINKO'S )<br>OFFICE & PRINT SERVICES, INC., and )<br>FEDEX CORPORATE SERVICES INC., )<br>Defendants. ) | C.A. No. 08-133 (JJF) |

## NOTICE OF SUBPOENA *AD TESTIFICANDUM*

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, the attached subpoena *ad testificandum* will be served upon Lakshmi Arunachalam.

|  | POTTER ANDERSON & CORROON LLP |
|---|---|
| OF COUNSEL: | |
|  | By: /s/ David E. Moore |
| Constance S. Huttner | Richard L. Horwitz (#2246) |
| VINSON & ELKINS LLP | David E. Moore (#3983) |
| 666 Fifth Avenue, 26th floor | Hercules Plaza, 6th Floor |
| New York, NY 10103 | 1313 N. Market Street |
| Tel: (212) 237-0040 | Wilmington, Delaware 19801 |
|  | Tel: (302) 984-6000 |
| Efrén Garcia | rhorwitz@potteranderson.com |
| VINSON & ELKINS LLP | dmoore@potteranderson.com |
| The Terrace 7 | |
| 2801 Via Fortuna, Suite 100 | *Attorneys for Defendant Dell Inc.* |
| Austin, TX 78746-7568 | |
| Telephone: (512) 542-8400 | |

|  | RICHARDS, LAYTON & FINGER, P.A. |
|---|---|
| OF COUNSEL: | |
|  | By: /s/ Anne Shea Gaza |
| Kara F. Stoll | Frederick L. Cottrell, III (#2555) |
| Joyce Craig | Anne Shea Gaza (#4093) |
| Jason W. Melvin | One Rodney Square |
| FINNEGAN HENDERSON FARABOW | 920 North King Street |
| GARRETT & DUNNER LLP | Wilmington, DE 19801 |
| 901 New York Avenue, NW | Tel: (302) 651-7700 |
| Washington, DC 20001-4413 | cottrell@rlf.com |
|  | gaza@rlf.com |
| Jeffrey A. Berkowitz | *Attorneys for Defendants FedEx* |
| FINNEGAN HENDERSON FARABOW | *Corporation, FedEx Kinko's Office & Print* |
| GARRETT & DUNNER LLP | *Services, Inc., and FedEx Corporate* |
| Two Freedom Square | *Services, Inc.* |
| 11955 Freedom Drive | |
| Reston, VA 20190-5675 | |

Dated: March 4, 2010
955712 /32914

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | | |
|---|---|---|
| WEBXCHANGE, INC. ) | | |
| *Plaintiff* ) | | |
| v. ) | Civil Action No. 1:08-cv-132, 1:08-cv-133 | |
| ) | | |
| DELL INC., FEDEX CORPORATION, ET AL. ) | (If the action is pending in another district, state where: | |
| *Defendant* ) | District of Delaware | |

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To: Lakshmi Arunachalam, c/o WebXchange
222 Stanford Avenue, Menlo Park, CA 94025

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Vinson & Elkins, LLP, 525 University Avenue, Suite 410, Palo Alto, CA 94301 | Date and Time: 04/20/2010 9:00 am |
|---|---|

The deposition will be recorded by this method: **By stenographic means and video**

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 03/04/2010

*CLERK OF COURT*

OR _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* **Dell Inc.**, who issues or requests this subpoena, are:
Efren Garcia, Vinson & Elkins, LLP, 2801 Via Fortuna, Suite 100, Austin, TX 78746
egarcia@velaw.com, 512-542-8400

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No. 1:08-cv-132, 1:08-cv-133

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the subpoena on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ Other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on March 4, 2010, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on March 4, 2010, the attached document was Electronically Mailed to the following person(s):

Jack B. Blumenfeld
Julia Heaney
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE 19899-1347
JBlumenfeld@MNAT.com
jheaney@mnat.com

Lawrence B. Goodwin
Peter J. Toren
Charlotte Pontillo
Stefan R. Stoyanov
Eric Stieglitz
Steven D. Chin
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, NY 10019
WebXchangeTeam@kasowitz.com

/s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
rhorwitz@potteranderson.com
dmoore@potteranderson.com

857261 / 32914