AO 88 (Rev 12/07) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WebXchange, Inc.<br>v.<br>Dell, Inc.;<br>FedEx Corporation, et al. | **SUBPOENA IN A CIVIL CASE**<br><br>CASE NUMBERS:[1] 08-132-JJF<br>08-133-JJF<br>U.S. District Court for the<br>District of Delaware |

TO: IBM Corporation
1 New Orchard Road
Armonk, New York 10504-1722

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the deposition in the above case. See Schedule B, attached. **The deposition will be recorded by stenographic means and/or videotaped.**

| PLACE OF DEPOSITION<br>Vinson & Elkins<br>666 Fifth Avenue, 26th Floor, New York, NY 10103-0040 | DATE AND TIME<br>April 19, 2010 9:00 a.m. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See Schedule A, attached.**

| PLACE<br>Vinson & Elkins<br>666 Fifth Avenue, 26th Floor, New York, NY 10103-0040 | DATE AND TIME<br>April 12, 2010 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which a person will testify. Federal Rule of Civil Procedure. 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Attorney for Defendant FedEx Corporation et al. | 3/26/2010 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>John Sieman<br>Finnegan, Henderson, Farabow, Garrett & Dunner L.L.P.<br>901 New York Ave, NW<br>Washington, DC 20001<br>202.408.4000 | |

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | | |
|---|---|---|
| Time: 2:15 PM | DATE 3-29-2010 | PLACE 1 New Orchard Road, Armonk, New York 10504 |
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Louise Novak | Authorized to accept |
| SERVED BY (PRINT NAME) | TITLE |
| Evan S. Cohan | Private Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  3-30-2010
            DATE

SIGNATURE OF SERVER

Capitol Process Services, Inc.
1827 18th Street, N.W.
Washington, D.C. 20009
(202) 667-0050

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A TO CIVIL SUBPOENA
## DEFINITIONS AND INSTRUCTIONS

As used herein, the following definitions shall apply:

1. Pursuant to Rule 45(d) of the Federal Rules of Civil Procedure, please produce the requested documents as they are kept in the usual course of business. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket, or grouping, in the same order or manner of arrangement as the original. E-mail attachments should be produced with or following their corresponding e-mails.

2. These Requests cover all information in your possession, custody, or control including, but not limited to, information in the possession, custody or control of your present and former directors, officers, agents, employees, partners, consultants, experts, nominees, attorneys, or anyone else acting on your behalf or otherwise subject to your control, and representatives of any of the aforesaid acting in that capacity, as well as information in the possession, custody, or control of any merged, consolidated, or acquired predecessor or successor, parent, subsidiary, division, or affiliate.

3. In responding to these Requests, documents and things are to be produced in full unexpurgated form. Redactions and deletions should be clearly indicated as such. Where anything has been redacted or deleted from a document or thing produced in response to these Requests, at least the following information should be provided:

   (1) the nature of the material deleted;

   (2) the reason for the deletion; and

   (3) an identification of the person responsible for the deletion.

4. Each sub-part of a Request shall be answered with the same force and effect as if the sub-part were a separate Request.

5. "LAKSHMI ARUNACHALAM" means and refers to a person who has used the following names: Lakshmi Arunachalam, Laksmi A. Dias, Lakshmi Dias, and Lax Chalam, and who purports to have been employed by IBM in Connecticut from 1986-1989. The last four digits of her social security number appear to be 7210.

6. The term "Electronically Stored Information" ("ESI") means any type of information which is created, manipulated, communicated, or stored electronically, without regard to the particular medium in which such ESI is stored, and it includes, without limitation, all information that can be retrieved and examined in digital form with the use of computer hardware and software.

7. "Document" has a comprehensive meaning, in the broadest sense available, pursuant to Fed. R. Civ. P. 34(a). Documents include, without limitation, advertising and marketing literature; agreements; bank records or statements; blueprints; books; account records; booklets; brochures; calendars; charts; checks; circulars; computer printouts; data in computer-readable format; contracts; copies; correspondence; databases; diaries; displays; drafts of any document; drawings; e-mails; film; files; transparencies; flyers; forecasts; graphs; indexes; instructions; manuals; invoices; job requisitions; letters; licenses; data stored on any magnetic media, such as computer disks or audio or video tapes; computer software and supporting documentation, such as flow charts, comments, pseudocode, data flow diagrams, control flow diagrams, product specifications, and engineering documents; manuals; maps; memoranda; microfilm or microfiche; minutes; newspapers; magazines; notes; notebooks; opinions; pamphlets; papers; periodicals or other publications; photographs; price lists; promotional

literature; receipts; records; recordings; reports; solicitations; statements; statistical compilations; stenographic notes; studies; summaries, including memoranda, minutes, notes, records or summaries of messages, conversations, interviews, meetings, or conferences; telegrams; telephone logs; travel or expense records; video recordings; video tapes; voice recordings; vouchers; worksheets or working papers; ESI; and electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

8. "Thing" has a comprehensive meaning, in the broadest sense available, pursuant to Fed. R. Civ. P. 34 and includes any tangible object other than a document and includes objects of every kind and nature.

9. "Information" means communications, documents, and things, as those terms are defined herein.

10. The term "concerning" has a comprehensive meaning; this term includes relating to, referring to, describing, evidencing, or constituting.

11. "Relate" and "relating" means affecting, concerning, constituting, dealing with, describing, embodying, evidencing, identifying, involving, providing a basis for, reflecting, regarding, respecting, stating, or in any manner whatsoever pertaining, in whole or in part, to that subject.

12. The terms "all" and "each" shall be construed as all and each.

13. The term "any" shall be construed as any and every.

14. The terms "or" and "and" shall be construed conjunctively or disjunctively wherever they appear as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

15. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

16. The use of the singular form of any word shall include the plural and vice versa.

17. If you consider any Request objectionable, you shall produce documents and things responsive to so much of each Request or sub-part as is considered not objectionable in your view, and separately state the part(s) of each Request as to which you raise objection and each ground for each such objection. This instruction is not intended to alter your time to object as set forth in the Federal Rules.

18. Where a claim of privilege or work product is asserted in objecting to any Request or sub-part thereof, including a claim of privilege or work product asserted as to producing any document or sub-part thereof or to disclosing any information contained therein, and a response to the Request is not provided on the basis of such assertion, the attorney asserting such privilege shall in the objection to the Request, identify the nature of the privilege being claimed and provide the following information:

   (1) the type of document;

   (2) the general subject matter of the document;

   (3) the type of privilege asserted;

   (4) the portion of the document to which privilege is asserted;

   (5) the date of the document; and

   (6) such other information sufficient to identify the document for a subpoena *duces tecum*, including the author of the document, the addressee of the document, and the relationship of the author to the addressee.

19. If, after conducting a reasonable investigation, a full response cannot be provided for any Request, state that such is the case and respond to the fullest extent possible, stating what responsive documents are available, what documents cannot be provided, why the documents are unavailable, and what efforts were made to obtain the unavailable documents.

20. If you are unable to respond to a Request because documents or things have been lost or destroyed, provide at least the following information:

    (1) descriptions of the documents or things to the fullest extent possible;

    (2) the date such documents and things were lost or destroyed;

    (3) the persons responsible for the loss or destruction; and

    (4) the reasons for and circumstances of the loss or destruction.

21. If any document or thing requested is no longer in your possession, custody, or control, provide at least the following information:

    (1) what was done with the document or thing;

    (2) when the document or thing was made;

    (3) the identity and address of the current custodian;

    (4) the person(s) responsible for the disposal or transfer; and

    (5) the reasons for the disposal or transfer of the document or thing.

22. If any answer to any of these Requests may at any time be incomplete or incorrect due to information acquired by you subsequent to service of its responses, or if you come into possession, custody, or control of additional responsive information between the time of its initial response and the time of trial, you shall promptly serve supplemental answers reflecting the complete and correct information.

## REQUEST

1.  All documents and things that refer or relate to any aspect of LAKSHMI ARUNACHALAM's employment at IBM in any capacity from 1984-1991, including but not limited to: dates of employment, title, duties and responsibilities, supervisors, performance evaluations, projects, and termination or departure.

2.  All documents and things that refer or relate to LAKSHMI ARUNACHALAM's involvement with or exposure to Simple Network Management Protocol ("SNMP"), including but not limited to IBM products such as Tivoli NetView that are (or were) based on or implemented using SNMP.

3.  All documents and things that refer or relate to LAKSHMI ARUNACHALAM's involvement with or exposure to Distributed Computer Environment ("DCE") and/or Common Object Request Broker Architecture ("CORBA").

4.  All documents and things that refer or relate to any communication with LAKSHMI ARUNACHALAM or Ron Laurie, or any company with which they are affiliated, including but not limited to WebXchange, Inc., Pi-Net, and/or Inflexion Point Strategy, LLC, regarding any patents listing LAKSHMI ARUNACHALAM as the inventor.

## SCHEDULE B TO CIVIL SUBPOENA

### DEFINITIONS AND INSTRUCTIONS

The definitions from Schedule A also apply to Schedule B.

### DEPOSITION TOPICS

1. Any documents produced pursuant to this subpoena.

2. All aspects of LAKSHMI ARUNACHALAM's employment at IBM in any capacity from 1984-1991, including but not limited to: dates of employment, title, duties and responsibilities, supervisors, performance evaluations, projects, and termination or departure.

3. LAKSHMI ARUNACHALAM's involvement with or exposure to Simple Network Management Protocol ("SNMP"), including but not limited to IBM products such as Tivoli NetView that are (or were) based on or implemented using SNMP.

4. LAKSHMI ARUNACHALAM's involvement with or exposure to Distributed Computer Environment ("DCE") and/or Common Object Request Broker Architecture ("CORBA").

5. All communications with LAKSHMI ARUNACHALAM or Ron Laurie, or any company with which they are affiliated, including but not limited to WebXchange, Inc., Pi-Net, and/or Inflexion Point Strategy, LLC, regarding any patents listing LAKSHMI ARUNACHALAM as the inventor.