IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WEBXCHANGE INC.,                          :
                                          :
        Plaintiff,                       :
                                          :
    v.                                    :     C.A. No. 08-132-JJF
                                          :
DELL INC.,                                :
                                          :
        Defendant.                       :

---

WEBXCHANGE INC.,                          :
                                          :
        Plaintiff,                       :
                                          :
    v.                                    :     C.A. No. 08-133-JJF
                                          :
FEDEX CORPORATION, FEDEX KINKO'S          :
OFFICE & PRINT SERVICES, INC., and        :
FEDEX CORPORATE SERVICES INC.,            :
                                          :
        Defendants.                      :

**MEMORANDUM ORDER**

On February 16, 2010, in response to a Motion To Compel Production Of Withheld Documents (C.A. 08-132, D.I. 142; C.A. 08-133, D.I. 169) filed by Defendant Dell Inc. and Defendants Fedex Corporation, Fedex Kinko's Office & Print Services, Inc., and Fedex Corporate Services Inc. (collectively, "Defendants"), Plaintiff WebXchange Inc. ("Plaintiff") was ordered to submit for an in camera review particular documents which were redacted as containing "highly personal" information. (C.A. 08-132, D.I. 172; C.A. 08-133, D.I. 229.) An in camera review was ordered because the Court agreed with Defendants that a significant amount of information had been redacted for being personal in

nature and/or non-responsive, and that the potential relevance of the redacted information could not be determined from the explanations provided by Plaintiff. Plaintiff submitted the documents in question to the Court on March 8, 2010.

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). In order to be discoverable, evidence need not be admissible at trial if it is reasonably calculated to lead to the discovery of admissible evidence. Id. In the Third Circuit, "[i]t is well recognized that the federal rules allow broad and liberal discovery." Pacitti v. Macy's, 193 F.3d 766, 777 (3d Cir. 1999).

The Court has reviewed the documents submitted by Plaintiff in camera, and concludes that the redactions were proper. The redactions pertain to matters of Dr. Arunachalam's personal life, and the Court concludes that the redacted information is not relevant to this litigation, even under the broad discovery standards of Rule 26. Further, the Court is satisfied that the relevant material within these documents was produced to Defendants. Accordingly, Plaintiff shall not be required to make any further production with regard to the documents which were redacted as containing "highly personal" information.

July 30, 2010
DATE

_____
UNITED STATES DISTRICT JUDGE