# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WEBXCHANGE INC., : | |
| : | 1:08-cv-00132-SLR |
| Plaintiff, : | |
| v. : | |
| : | |
| DELL INC., : | |
| : | |
| Defendant. : | |
| _____: | |
| WEBXCHANGE INC., : | |
| : | |
| Plaintiff, : | 1:08-cv-00133-SLR |
| v. : | |
| : | |
| FEDEX CORPORATION, FEDEX KINKO'S : | |
| OFFICE & PRINT SERVICES, INC. and : | |
| FEDEX CORPORATE SERVICES, INC., : | |
| : | |
| Defendants. : | |
| _____: | |

## RESPONSE TO KASOWITZ, BENSON, TORRES & FRIEDMAN LLP AND MORRIS, NICHOLS, ARSHT & TUNNELL LLP'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF WEBXCHANGE AND NOTICE OF WITHDRAWAL OF COUNSEL

Plaintiff WebXchange Inc. ("WebXchange") files this response in opposition to:

1) the motion of lead counsel Kasowitz, Benson, Torres & Friedman LLP and Delaware

counsel Morris, Nichols, Arsht & Tunnell LLP, the former counsel of WebXchange

(collectively "former counsel"), for leave to withdraw (D.I. 209 in 08-cv-00132; D.I. 277

in 08-cv-00133); and 2) former counsel's subsequent notice of the same (D.I. 225 in 08-

cv-00132; D.I. 296 in 08-cv-00133).

On February 23, 2011, former counsel moved to withdraw as counsel in both of

the above-captioned cases.  (D.I. 209 in 08-cv-00132; D.I. 277 in 08-cv-00133)

RatnerPrestia and Katsh & Associates LLC (collectively, "present counsel") entered an

appearance on behalf of WebXchange on April 1, 2011 and, since then, have endeavored to obtain critical case files from former counsel.  In order to fully respond to former counsel's motion to withdraw, and to receive additional time to negotiate a mutually acceptable transfer of these client files, present counsel moved for an unopposed extension of time to respond until April 11, 2011.  (See D.I. 295)

Initially, present counsel was unable to obtain a satisfactory answer to the question of what files former counsel would transfer without preconditions.  When emails and telephone calls did not resolve the problem, present counsel sent a formal and detailed request on April 1, 2011, requesting transfer of the client's files.  Present counsel also sent a detailed letter proposing the scope of the files to be transferred as

> "everything pertaining to the [patents at issue] and the [cases before the Court] with the sole exception of Excluded Material (a log regarding which will be provided to us)."

In addition to providing a general scope, the April 1, 2011 letter also requested specific documents.  These specific requests include, *inter alia*:

- All original files and other materials provided by the client to former counsel;

- All files relating to settlement activities;

- Documents relating to any source code inspection;

- All of former counsel's work product concerning the litigations; and

- Certain internal law firm emails concerning client materials.

Former lead counsel has not responded to the April 1, 2011 letter.  Instead, former lead counsel has only just recently begun to turn documents over to present counsel, without acknowledging whether this transfer is responsive to the April 1, 2011 letter. Having received some shipments of documents on April 7 and 8, present counsel has not

had sufficient time to assess what former counsel has actually provided, or the extent of former counsel's compliance with the April 1, 2011 letter.  However, it is clear that former lead counsel has NOT returned all the client files and materials.[1]

Former counsel has now entered a notice of withdrawal pursuant to D. Del. L.R. 83.7.  (*See* D.I. 296)  In this regard, former counsel has withdrawn its motion "as moot" in view of the appearance of present counsel.  (*See id.*)

WebXchange disagrees that the motion to withdraw is moot.  In particular, the Third Circuit recognizes that "a law firm is entitled to withdraw once the firm demonstrates to the satisfaction of the district court that its appearance serves no meaningful purpose, particularly insofar as an opposing interest is concerned."  *Ohntrup v. Firearms Center, Inc*., 802 F.2d 676, 679 (3d Cir. 1986).  While D. Del. L.R. 83.7 may presume that appearance of new Delaware counsel, in of itself, demonstrates that the appearance of a former firm no longer serves a meaningful purpose, WebXchange respectfully contends that former counsel's continued retention of its files creates exactly the sort of "meaningful purpose" identified by the Third Circuit.  Once former counsel has withdrawn from these actions - and thus, the Court's jurisdiction - it will become more difficult to ensure that former counsel complies with the request to turn over all client files.  "In considering motions to withdraw as counsel, courts take into account factors such as the reasons why withdrawal is sought, the prejudice withdrawal may cause to the litigants, the delay in the resolution of the case which would result from withdrawal, and the effect of withdrawal on the efficient administration of justice."

---

[1]   Plaintiff will not detail the files transferred and those not transferred, because the information is confidential, and disclosure of details may constitute a waiver of the attorney-client or work-product privileges.  If requested by the Court, Plaintiff will detail the file transfer issues *in-camera*.

*Worldspan, L.P. v. Ultimate Living Group, LLC*, 2006 U.S. Dist. LEXIS 21451 , at *2
(D. Del. Apr. 20, 2006).  New counsel and the client must have access to all of the
client's files for the efficient administration of justice, and in order to minimize delay and
prejudice to the litigants.

 Transfer of the Client files would be most effectively handled while former
counsel remains within the Court's jurisdiction.  Consequently, WebXchange respectfully
requests that the Court deny the motion to withdraw by former counsel until all Client
files and materials have been transferred or accounted for.  Alternatively, WebXchange
requests that the Court order former counsel to turn over all Client files and other
materials prior to granting former counsel leave to withdraw.

 A proposed form of Order is attached.

DATED: April 11, 2011    RATNERPRESTIA

/s/ _____
George Pazuniak, DBA #478
1007 N. Orange Street
Suite 1100
P. O. Box 1596
Wilmington,  DE  19899
Phone:  (302)778-3471
Fax:  (302)778-2600
Email: gpazuniak@ratnerprestia.com

*Plaintiff WebXchange Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **WEBXCHANGE INC.,** | : | |
| | : | **1:08-cv-00132-SLR** |
| **Plaintiff,** | : | |
| v. | : | |
| | : | |
| **DELL INC.,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |
| **WEBXCHANGE INC.,** | : | |
| | : | |
| **Plaintiff,** | : | **1:08-cv-00133-SLR** |
| v. | : | |
| | : | |
| **FEDEX CORPORATION, FEDEX KINKO'S** | : | |
| **OFFICE & PRINT SERVICES, INC. and** | : | |
| **FEDEX CORPORATE SERVICES, INC.,** | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

### [Proposed] ORDER ON MOTION TO WITHDRAW

Before the Court is the motion of Kasowitz, Benson, Torres & Friedman LLP and

Morris, Nichols, Arsht & Tunnell LLP, the former counsel of WebXchange (collectively

"former counsel"), for leave to withdraw ("Motion"); and 2) former counsel's subsequent

notice of the same.

After considering this Motion, the Court is of the opinion that the Motion should

be DENIED without prejudice to re-filing the motion for leave to withdraw after former

counsel completes the transfer of files to present counsel.  Former counsel shall forthwith

transfer to present counsel all files relating to the above captioned cases, including all

files and other materials obtained from the Client.

Dated: _____        _____
                                                              J.

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of April, 2011, I electronically filed the above document with the Clerk of the Court using CM/ECF, which will send electronic notification of such filing(s) to the following:

Avelyn M. Ross (aross@velaw.com)
Christopher V. Ryan (cryan@velaw.com)
Efren Garcia (egarcia@velaw.com)
Constance S. Huttner
(chuttner@velaw.com)
Roderick B. Williams
(rickwilliams@velaw.com)
Syed K. Fareed (sfareed@velaw.com)
VINSON @ ELKINS

*Counsel for Defendant Dell Inc. (Lead)*

Richard L Horwitz
(rhorwitz@potteranderson.com)
David Ellis Moore
(dmoore@potteranderson.com)
POTTER ANDERSON & CORROON

*Counsel for Defendant Dell Inc.(Local)*

Kimball Anderson
(kanderson@winston.com)
WINSTON & STRAWN

*Counsel for Defendant Dell Inc.
(Pro Hac Vice)*

Jack Blumenfeld (jbbefiling@mnat.com)
Julia Heaney (jhefiling@mnat.com)
Steven D. Chin
MORRIS, NICHOLS, ARSHT &
TUNNELL

*[Former] Counsel for Plaintiff
WebXchange Inc.*

Fred Cottrell (Cottrell@rlf.com)
Anne Gaza (gaza@rlf.com)
RICHARDS, LAYTON & FINGER

*Counsel for Defendant FedEx
Corporation, FedEx Kinko's Office &
Print Services Inc., FedEx Corporate
Services Inc. (Lead)*

Kara Stoll (kara.stoll@finnegan.com)
Jason Melvin
(jason.melvin@finnegan.com)
Joyce Craig (joyce.craig@finnegan.com)
Jeffrey Berkowitz
(jeffrey.berkowitz@finnegan.com)
John S. Sieman
(john.sieman@finnegan.com)
FINNEGAN HENDERSON

*Counsel for Defendant FedEx
Corporation, FedEx Kinko's Office &
Print Services Inc., FedEx Corporate
Services Inc. (Pro Hac Vice)*

Lawrence B. Goodwin
Peter J. Toren
Charlotte A. Pontillo
Stefan R. Stoyanov
Eric J. Stieglitz
Steven D. Chin
(webxchangeteam@kasowitz.com)

KASOWITZ BENSON TORRES &
FRIEDMAN LLP

*[Former] Counsel for Plaintiff*

*WebXchange Inc.*

and, further, that I served electronic copies on the above listed counsel via E-mail on April 11, 2011.

/s/ *George Pazuniak*
George Pazuniak (DE #478)
*Attorney for Plaintiff WebXchange Inc.*