**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| WEBXCHANGE INC., | : | |
| Plaintiff, | : | 1:08-cv-00132-SLR |
| v. | : | |
| DELL INC., | : | |
| Defendant. | : | |
| WEBXCHANGE, INC., | : | |
| Plaintiff, | : | 1:08-cv-00133-SLR |
| v. | : | |
| FEDEX CORPORATION, FEDEX KINKO'S OFFICE & PRINT SERVICES, INC. and FEDEX CORPORATE SERVICES, INC., | : | |
| Defendants. | : | |

**MOTION OF RATNERPRESTIA AND KATSH & ASSOCIATES
TO WITHDRAW AS COUNSEL FOR PLAINTIFF WEBXCHANGE, INC.**

Pursuant to D. Del. LR 83.7, the law firms of RatnerPrestia ("RP") and Katsh & Associates, LLC ("KA") (collectively "Movants") hereby move for leave to withdraw as counsel for plaintiff WebXchange, Inc. ("WebXchange" or "Plaintiff") in above-captioned actions, effective immediately upon the Court's grant of such leave.

Plaintiff does not oppose the Movants' motion, as further detailed below in paragraph 14. Defendants also do not oppose Movants' motion.

The grounds for this motion are as follows:

1.  On February 23, 2011, prior counsel for Plaintiff WebXchange, the law firms of Kasowitz, Benson, Torres & Friedman, LLP ("KBTF") and Morris, Nichols,

Arsht & Tunnell LLP ("MNAT") (collectively "former counsel"), moved to withdraw in the above-captioned litigations. (D.I. 209 in 1:08-cv-00132-SLR; D.I. 277 in 1:08-cv-00133-SLR)

2.   On March 29, 2011, WebXchange retained Movants as counsel, and RP entered its appearance in the above-caption actions on April 1, 2011.  A motion for admission *pro hac vice* of Salem Katsh was filed on April 1, 2011 and granted April 5, 2011.  A motion for admission *pro hac vice* of Benjamin Leace, another RP attorney, was filed on May 24, 2011 and granted June 1, 2011.

3.   Plaintiff and former counsel stipulated to former counsel's withdrawal on April 26, 2011.  (D.I. 233 in 1:08-cv-00132-SLR; D.I. 305 in 1:08-cv-00133-SLR)

4.   Pursuant to D.Del LR 83.6(d), Movants are governed by the Model Rules of Professional Conduct of the American Bar Association.  (KA and RP are also bound, respectively, by the New York and Delaware Rules of Professional Conduct).

5.   Model Rule 1.16(a) provides for mandatory withdrawal if the lawyer is discharged.  WebXchange has taken unilateral actions, and failed to take actions, which have effectively discharged KA and RP.

6.   Model Rule 1.16(b) provides (in relevant part) for permissive withdrawal as counsel when any of the following situations exist:  withdrawal can be accomplished without material adverse effect on the interest of the client; the client insists upon taking action with which the lawyer has a fundamental disagreement; the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; the representation will result in an unreasonable financial burden on the lawyer

or has been rendered unreasonably difficult by the client; or other "good cause" for withdrawal exists. Model Rule 1.16(b).

7. Under Model Rule 1.16(c) and D. Del. LR 83.7, Movants are required to seek the leave of the court to withdraw under either Model Rules 1.16(a) or 1.16(b). Movants seek leave to withdraw under both Model Rules 1.16(a) and 1.16(b).

8. Leave to withdraw should be granted under both Model Rules 1.16(a) and 1.16(b). Professional considerations require termination of the representation, and Movants submit that the Court should permit the withdrawal. There has been an irreconcilable breakdown in the client-lawyer relationship, and Plaintiff has taken actions that constitute effective discharge of Movants as counsel.

9. Movants have strived to maintain the relationship, and to continue to represent Plaintiff in the above-captioned actions, but cannot perform their professional obligations in view of Plaintiff's effective discharge of them as counsel.

10. If the Court instructs Movants to provide further factual details concerning the relationship, Movants respectfully request that they be permitted to submit additional details *in camera*, to protect confidential attorney-client communications.

11. Withdrawal can be accomplished without material adverse effects on Plaintiff's interest, because Plaintiff's effective discharge of counsel and refusal to allow Movants to carry out their representation of Plaintiff has rendered counsel unable to perform any actions in these litigations in any event.

12. By several oral and written communications over the prior weeks, Movants had advised Plaintiff that Plaintiff was effectively discharging counsel and preventing counsel from representing Plaintiff, and that counsel would have to withdraw.

On June 21, 2011, Movants advised WebXchange that it would be filing this motion to withdraw as its counsel. Movants also concurrently, on June 21, 2011, served a copy of this motion on WebXchange by registered mail in accordance with D.Del. LR 83.7.

13. This Motion must be filed immediately, in view of the upcoming deadlines under the Scheduling Order, and outstanding discovery obligations, which Movants are unable to perform for the reasons stated above.

14. Movants have conferred with Plaintiff concerning this motion, and Plaintiff requested by email of June 24, 2011 that counsel advise the Court that "WebXchange does not oppose your resignation/motion to withdraw but that WebXchange did not discharge you." Subsequently, on Saturday July 2, 2011, Plaintiff stated by a new email that "absent reaching some agreements on the conditions of your withdrawal, WebXchange will oppose your motion," further conditioning its agreement, at least in part, on Movants "willingness to seek relief from the existing schedule for" two upcoming deadlines on the scheduling order. Movants' sent a communication dated July 5, 2011 (following the July 4th holiday), to Defendants' counsel requesting relief from the existing schedule for the subject deadlines, as requested by Plaintiff.

15. Movants have conferred with opposing counsel concerning this motion. By emails of June 24, 2011, Defendants in both cases stated that Defendants do not oppose the motion.

WHEREFORE, Movants respectfully request leave of the Court to withdraw as counsel for Plaintiff. A proposed form of order is attached.

| | |
|---|---|
| *Of Counsel*: | RATNERPRESTIA |
| | /s/ Rex A. Donnelly |
| Benjamin E. Leace | Rex Donnelly (Del. Bar # 3492) |
| RatnerPrestia | Gerry O'Rourke (Del. Bar # 3265) |
| Suite 301 | Rex Donnelly (Del. Bar # 3492) |
| 1235 Westlakes Drive, Berwyn | 1007 N. Orange Street |
| P.O. Box 980 | Suite 1100 |
| Valley Forge, PA 19482 | P. O. Box 1596 |
| Phone: 1-610-407-0700 | Wilmington, DE 19899 |
| Fax: 1-610-407-0701 | Phone: (302)778-3471 |
| Email: beleace@ratnerprestia.com | Fax: (302)778-2600 |
| | Email: gpazuniak@ratnerprestia.com |
| Salem M. Katsh, Esq. | gorourke@ratnerprestia.com |
| Katsh & Associates LLC | radonnelly@ratnerprestia.com |
| 64 Main Street | |
| Hastings on Hudson | *Attorneys for Plaintiff, WebXchange, Inc.* |
| New York 10706 | |
| Tel. 914 231 7840 | |
| Fax. 646 417 5777 | |
| Email: skatsh@katshlaw.com | |

DATED:       July 6, 2011

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **WEBXCHANGE INC.,** | : | |
| Plaintiff, | : | 1:08-cv-00132-SLR |
| v. | : | |
| **DELL INC.,** | : | |
| Defendant. | : | |
| **WEBXCHANGE INC.,** | : | |
| Plaintiff, | : | 1:08-cv-00133-SLR |
| v. | : | |
| **FEDEX CORPORATION, FEDEX KINKO'S OFFICE & PRINT SERVICES, INC. and FEDEX CORPORATE SERVICES, INC.,** | : | |
| Defendants. | : | |

## **ORDER**

The Court having duly considered the motion of RatnerPrestia and Katsh & Associates to withdraw as counsel for Plaintiff WebXchange, Inc., now, this __ day of _____ 2011, IT IS HEREBY ORDERED that the law firms of RatnerPrestia and Katsh & Associates, and all attorneys associated with the two law firms, are hereby authorized to withdraw as counsel for Plaintiff WebXchange, Inc. effective immediately.

_____
United States District Judge

## **CERTIFICATE OF COMPLIANCE WITH D. DEL. L.R. 83.7**

I certify that, pursuant to D. Del. L. R. 83.7, I caused a version of the present motion papers to be served on the client, WebXchange, Inc. on June 21, 2011, which was at least 14 days prior to the filing of this motion with the Court. Plaintiff responded by emails of June 24, 2011 and July 2, 2011. Paragraph 14 has been amended relative to the June 21 version to reflect the substance of responsive communications from Plaintiff.

    /s/ Rex A. Donnelly
    Rex Donnelly (Del. Bar # 3492)

## **CERTIFICATE OF COMPLIANCE WITH D. DEL. L.R. 7.1.1**

I certify that the subject of the foregoing motion has been discussed with counsel for Defendants, including by email and by telephone.

    /s/ Rex A. Donnelly
    Rex Donnelly (Del. Bar # 3492)

## CERTIFICATE OF SERVICE

      I hereby certify that on this 6th day of July, 2011, I electronically served the above document upon the following counsel via E-mail:

VINSON @ ELKINS
Avelyn M. Ross (aross@velaw.com)
Christopher V. Ryan (cryan@velaw.com)
Efren Garcia (egarcia@velaw.com)
Constance S. Huttner (chuttner@velaw.com)
Roderick B. Williams (rickwilliams@velaw.com)
Syed K. Fareed (sfareed@velaw.com)

Kimball Anderson (kanderson@winston.com)
WINSTON & STRAWN

POTTER ANDERSON & CORROON, LLP
Richard L. Horwitz (#2246)
rhorwitz@potteranderson.com
David E. Moore (#3983)
dmoore@potteranderson.com
1313 N. Market St., Hercules Plaza, 6th Flr.
P.O. Box 951
Wilmington, DE 19899-0951

*Counsel for Defendant Dell Inc.*

FINNEGAN HENDERSON
Kara Stoll (kara.stoll@finnegan.com)
Jason Melvin (jason.melvin@finnegan.com)
Joyce Craig (joyce.craig@finnegan.com)
Jeffrey Berkowitz (jeffrey.berkowitz@finnegan.com)
John S. Sieman (john.sieman@finnegan.com)

RICHARDS, LAYTON & FINGER
Frederick L. Cottrell, III (#2555) (Cottrell@rlf.com)
Anne Shea Gaza (#4093) (gaza@rlf.com)
Laura D. Hatcher (#5098)
hatcher@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

*Counsel for Defendant FedEx Corporation, FedEx Kinko's Office & Print Services Inc., FedEx Corporate Services Inc.*

    /s/ Rex A. Donnelly
    Rex Donnelly (Del. Bar # 3492)