## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WEBXCHANGE INC., | : |
| | : |
| Plaintiff, | : |
| v. | :          1:08-cv-00132-SLR |
| | : |
| DELL, INC., | : |
| | : |
| Defendant. | : |
| | : |
| WEBXCHANGE INC., | : |
| | : |
| Plaintiff, | : |
| v. | :          1:08-cv-00133-SLR |
| | : |
| FEDEX CORPORATION, FEDEX | : |
| KINKO'S OFFICE & PRINT SERVICES, | : |
| INC., and FEDEX CORPORATE | : |
| SERVICES, INC., | : |
| | : |
| Defendants. | : |
| | : |

## MOTION OF GRANT & EISENHOFER P.A. AND GEORGE PAZUNIAK TO WITHDRAW AS COUNSEL FOR PLAINTIFF WEBXCHANGE INC.

Pursuant to D. Del. LR 83.7, the law firm of Grant & Eisenhofer P.A. (including attorneys Jay W. Eisenhofer, Stuart M. Grant, Megan D. McIntyre and John C. Kairis) (collectively, "G&E") and attorney George Pazuniak ("Pazuniak") (together, "Movants") hereby move for leave to withdraw as counsel for plaintiff WebXchange Inc. ("WebXchange") in the above-captioned actions, effective immediately upon the Court's grant of such leave.  The grounds for this motion are as follows:

1.      These actions were filed by WebXchange in March 2008.  From that time through February 2011, WebXchange was represented by the law firms of Kasowitz,

Benson, Torres & Friedman LLP ("KBTF") and Morris, Nichols, Arsht & Tunnell LLP ("MNAT").  In February 2011, MNAT and KBTF moved to withdraw from the representation, citing an irreconcilable breakdown in the lawyer-client relationship.

2.      In April 2011, the law firms of RatnerPrestia ("RP") and Katsh & Associates, LLC ("KA") entered their appearances as counsel for WebXchange in these actions.  On July 6, 2011, RP and KA moved to withdraw on the grounds that they had been effectively discharged by WebXchange, and again citing an irreconcilable breakdown in the lawyer-client relationship.  The Court granted that motion on July 11, 2011, and ordered WebXchange to retain new counsel by August 25, 2011.

3.      On July 29, 2011, WebXchange retained Movants as counsel. Recognizing the numerous difficulties WebXchange and its principal had with previous counsel, Movants' retention agreement was a detailed agreement setting forth the respective responsibilities of the clients and counsel, and it specifically permitted Movants' withdrawal from the representation if WebXchange did not live up to its obligations.

4.      G&E entered its appearance in these actions on August 11, 2011 and Pazuniak entered his appearance on September 2, 2011.

5.      Pursuant to D. Del. LR 83.6(d), Movants are governed by the Model Rules of Professional Conduct of the American Bar Association ("Model Rules").  (Movants are also bound by the Delaware Rules of Professional Conduct.)

6.      Model Rule 1.16(b) provides, in relevant part, for permissive withdrawal when any of the following circumstances exist:  withdrawal can be accomplished without material adverse effect on the interests of the client; the client insists upon taking action

2

with which the lawyer has a fundamental disagreement; the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or other good cause for withdrawal exists.

7.     Under D. Del. LR 83.7, Movants are required to seek leave of court to withdraw under Model Rule 1.16(b).

8.     Movants should be granted leave to withdraw under Model Rule 1.16(b). WebXchange has insisted upon taking actions with which Movants have a fundamental disagreement, and which will render the representation unreasonably difficult and financially burdensome for Movants.  Additionally, WebXchange has failed to substantially fulfill an obligation to Movants regarding Movants' services, despite being given reasonable warning that Movants would withdraw unless the obligation was fulfilled.  There has been an irreconcilable breakdown in the attorney-client relationship between WebXchange and Movants, which Movants respectfully submit constitutes further good cause for withdrawal.  If the Court instructs Movants to provide additional details concerning these matters, Movants respectfully request that they be permitted to do so *in camera*, to protect confidential attorney-client communications.

9.     Withdrawal can be accomplished without material adverse effect on WebXchange's interests, because all case deadlines have been suspended by Order dated July 25, 2011, and because Movants only recently entered their appearances.

10.     Movants had lengthy and detailed discussions with WebXchange's principal on September 5, 6 and 7, 2011 regarding the matters giving rise to this motion,

and informed WebXchange of their intent to withdraw.  On September 7, 2011, pursuant to Movants' retention agreement which expressly permits them to withdraw from the representation, Movants provided formal written notice of their withdrawal to WebXchange.

11.     Contemporaneously with the filing of this motion, Movants are serving a copy upon WebXchange by certified mail as well as electronic mail.  In accordance with D. Del. LR 83.7, Movants request that the Court schedule a telephone conference or hearing regarding this motion for September 21, 2011 (fourteen days after service of the motion upon WebXchange), or as soon thereafter as the Court's schedule allows.

12.     Pursuant to D. Del. LR 7.1.1, Movants hereby state that they have conferred with counsel for the defendants regarding this motion in a reasonable effort to reach an agreement.  Counsel for defendant Dell, Inc. ("Dell") have informed us that Dell does not oppose Movants' motion to withdraw, but that it believes WebXchange's case against Dell should be dismissed.  Defendants FedEx Corporation, FedEx Kinko's Office & Print Services, Inc., and FedEx Corporate Services, Inc. are still considering their position with regard to the motion.

WHEREFORE, Movants respectfully request leave of the Court to withdraw as counsel for WebXchange.  A proposed form of order is attached.

DATED:  September 7, 2011                GRANT & EISENHOFER P.A.

*/s/ Stuart M. Grant*
Stuart M. Grant (Del. Bar No. 2526)
Jay W. Eisenhofer (Del. Bar No. 2864)
Megan D. McIntyre (Del. Bar No. 3307)
John C. Kairis (Del. Bar No. 2752)
1201 N. Market St.
Wilmington, DE 19801
Telephone:  (302) 622-7000
Facsimile:  (302) 622-7100
sgrant@gelaw.com
jeisenhofer@gelaw.com
mmcintyre@gelaw.com
jkairis@gelaw.com


*/s/ George Pazuniak*
George Pazuniak (Del. Bar No. 478)
PAZUNIAK LAW OFFICE LLC
1201 N. Orange St.
7th Floor, Suite 7114
Wilmington, DE 19801-1186
Telephone:  (302) 478-4230
GP@del-iplaw.com

5

## CERTIFICATE OF SERVICE

I, Megan D. McIntyre hereby certify that on this 7th day of September, 2011, the above document was served upon WebXchange Inc. by certified mail and by electronic mail, and was electronically filed with the Clerk of the Court using CM/ECF, which will send electronic notification of the filing to the following:

Christopher V. Ryan
Avelyn M. Ross
Syed K Fareed
Kristen P. Foster
**VINSON & ELKINS**
2801 Via Fortuna, Suite 100
Austin, TX  78746-7568

Richard L. Horwitz
David E. Moore
**POTTER ANDERSON & CORROON, LLP**
1313 N. Market Street
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE  19899-0951

Constance S. Huttner
**VINSON & ELKINS**
666 Fifth Avenue, 26th Floor
New York, NY  10103-0040

Frederick L. Cottrell, III
Anne S. Gaza
**RICHARDS, LAYTON & FINGER, PA**
One Rodney Square
920 N. King Street
Wilmington, DE 19801

Kara F. Stoll
Jason W. Melvin
John S. Sieman
Joyce Craig
**FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP**
901 New York Avenue, NW
Washington, D.C. 20001-4413

Jeffrey A. Berkowitz
**FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP**
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5675

*/s/ Megan D. McIntyre*
Megan D. McIntyre (Del. Bar No. 3307)